

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
K/S ERRIA IDA,

              Plaintiff,

- against -

QUIMPAC S.A.,

              Defendant.
------------------------------------------------------------X

09 CV
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, K/S ERRIA IDA ("Plaintiff" or "Erria Ida"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, QUIMPAC S.A. ("Defendant" or "Quimpac") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Denmark and was the owner of the M/T ERRIA IDA ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Lima, Peru, and was the Charterer of the Vessel.

4. Pursuant to a fixture recap dated December 15, 2008 based on the terms of a standard "asbatankvoy" charter party with amendments as per the fixture recap (the "Charter Party"), Plaintiff chartered the Vessel to Defendant to perform a voyage from Peru to Ecuador

and Columbia carrying a cargo of caustic soda. *See Fixture Recap annexed hereto as Exhibit "1."*

5. Pursuant to the Charter Party, demurrage is calculated at USD17,000 per day prorate. Time lost at the load and discharge ports was calculated at 1.57986 days, making the total demurrage = due and owing to the Plaintiff under the Charter Party $26,857.64. *See Demurrage Calculation and Invoice attached as Exhibit "2."*

6. Despite due demand and in breach of the Charter Party, Defendant has failed to pay the $26,857.64 due and owing to the Plaintiff under the Charter Party.

7. As a result, Plaintiff has suffered damages in the principal sum of $26,857.64 exclusive of interest, arbitrators fees and other costs.

8. The charter party provides for any disputes arising thereunder to be referred to London Arbitration with English law to apply.

9. Plaintiff will soon commence arbitration pursuant to the terms of the charter party and appoint its arbitrator.

10. It is common practice of foreign entities who engage in international maritime transactions to make and receive payments in U.S. dollar denominated electronic fund transfers.

11. The charter party in this case requires payment in U.S. dollars.

12. Due to the requirement that foreign banking institutions have relations with U.S. corresponding banks in order to send or receive payment in U.S. dollars, all such transfers and payments pass through the hands of garnishee banks located in this District.

13. Thus, it is anticipated and expected that U.S. dollar payments made by the Defendant herein are expected to be made by electronic fund transfer passing through corresponding banks within this District.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Total Principal Claim: | **$26,857.64** |
| B. | Estimated interest on claims:<br>3 years at 5%, compounded quarterly | $4,321.73 |
| C. | Estimated fees and costs of £50,000.00,<br>which is equivalent to approximately | $15,000.00 |
| **Total** | | **$46,179.37** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$46,179.37.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$46,179.37,** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: September 15, 2009
New York, NY

                                        The Plaintiff,
                                        K/S ERRIA IDA,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
One Grand Central Place
60 East 42nd Street, Suite 1638
New York, NY 10165
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )   ss.:   Southport
County of Fairfield     )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   September 15, 2009
         New York, NY

_____
Lauren C. Davies

# EXHIBIT 1

RECAP

```
START
*****


Owners              : K/S Erria Ida, Denmark (beneficiary of freight)
                      C/O Erria A/S
Disponent owners    : Ibex Maritime LTD. www.ibexmaritime.com
Technical Managers  : Erria A/S Denmark www.erria.dk
M/T ERRIA IDA - OOS
Maltese Flag - imo 2 - double/double
11336 sdwt on 8.070 m draft - built 2006 / class: bv Ice 1C loa 129.75 m
/ beam 19.6 m - gt/nt 7232 (reduced 5870) / 3643
12397 cbm incl slops at 98 pct filling
stst coiled / marineline coated
Nitrogen System: 750 cbm/hr
Heating System: Steam
Fixed stern line
Airdraft: 28.853 meters
Above wog
ttbook: Statoil (12-04-2009) - CDI (15-07-2009) - Lukoil (10-10-2008) -
Shell (15-12-2008) - ENI (Based screening) - Lyondel/Ba (15-06-2009)
last cargo:
1st. lubes a/o mtbe
2nd. lubes a/o reformate a/o mtbe a/o benzene 3rd. lubes a/o gasoil a/o
reformate
accnt:
QUIMPAC S.A.
Av. Nestor Gambetta 8583
Callao
Apartado 3741
LIMA 1 - Peru
```

for
- p/c abt 6000 mts 5 pct molco + 1000 mts min/max 1 grade caustic soda solution
- loading: osbp paramonga, peru
- discharging: osbp guayaquil, ecuador (1,000 mts) + osbp buenaventura, colombia (3,150 mts) + barranquilla, colombia (3,150 mts)
- laydays: 15-30 December 2008
- freight rate: usd XXX.000 lumpsum
- freight payment upon sign/releasing b/s but in any case bbb of 1st dischport
- laytime: 150/150 mt/hr shinc reversible
- demurrage: usd 17,000 pdpr
- owners rotation/segregation/completion
- agents at all ports: HANSERMAR SAC
- cleaning to charterers inspectors satisfaction
- conoco weather cls
- owners usual protection clauses at attached to apply
- ga/arb london, english law to apply
- ya 74 as rvsd 90/94
- asbatank voy cp.
- 2.5 pct ttl comm here on freight/dead freight/demurrage

END
***



***Demurrage Claim***

To:    Hansermar
Attn:  Jose Antonio Paz

2

# EXHIBIT 2

## Demurrage Calculation

Mt Erria Maria - Quimpac -Voy 011B-

C/P 15th December 2008  
Laycan 11-12 December 2008  
Laytime 97:20  
Dem Rate 17000    USD

| Port | Paramongo | | Remarks |
|---|---|---|---|
| Time starts | 30/12/2008  10.55 | | All fast |
| Time end | 31/12/2008  15.05 | 28:10 | Arm disconnected |
| Shifting from | | | POB |
| Shifting to | | (0/00/00) | All fast |
| Not counting | | (0/00/00) | NOR Allowance |
| Time used | | 1/04/10 hrs. | |

| Port | Guayaquil | | Remarks |
|---|---|---|---|
| Time starts | 03/01/2008  06.35 | | NOR tendered |
| Time end | 05/01/2008  11.00 | 52:25 | Anchor Aweigh |
| Shifting from | | | |
| Shifting to | | (0/00/00) | |
| Not counting | 0/06/00 | (0/06/00) | NOR Allowance |
| Time used | | 1/22/25 hrs. | |

| Port | Buenaventure | | Remarks |
|---|---|---|---|
| Time starts | 07/01/2009  09.30 | | NOR Tendered |
| Time end | 09/01/2009  08.45 | 47:15 | Hose Disconnected |
| Shifting from | 08/01/2009  11.25 | | POB |
| Shifting to | 08/01/2009  13.00 | (0/01/35) | All Fast |
| Not counting | 0/06/00 | (0/06/00) | NOR Allowance |
| Time used | | 1/15/40 hrs. | |

| Port | Barranquilla | | Remarks |
|---|---|---|---|
| Time starts | 17/01/2009  14.30 | | All Fast |
| Time end | 18/01/2009  04.10 | 13:40 | Hose Disconnected |
| Shifting from | | | |
| Shifting to | | (0/00/00) | |
| Not counting | | (0/00/00) | |
| Time used | | 0/13/40 hrs. | |

| Port | Panama | | Remarks |
|---|---|---|---|
| Time starts | 14/01/2009  11:40 | | Anchor |
| Time end | 15/01/2009  19:00 | 31:20 | Transit commence |
| | | (0/00/00) | |
| Not counting | 1/00/00 | (1/00/00) | |
| Not counting | | (0/00/00) | |
| Time used | | 0/07/20 hrs. | |

| Total time used | 5/15/15 day-hrs-min |
|---|---|
| | 135.25 hrs. |
| Laytime allowed | 97:20 |

Demurrage Calculation

Demurrage | 37.92 hrs. | 1.57986 Days
Demurrage Amount | 26,857.64 USD

Remarks _____
_____
_____
_____
_____
_____
_____

Side 2



**Istanbul Liaison Office**
**Ibex Maritime Limited**
Bagdat Caddesi Gokce Sokak
Toksoy Apt. No: 10 / 17-18
34728 Kadikoy Istanbul TURKEY

info@ibexmaritime.com
www.ibexmaritime.com

QUIMPAC S.A
Av. Nestor Gambetta 8583
Callao
Apartado 3741
LIMA 1 - Peru

## PROF INVOICE

| | | | |
|---|---|---|---|
| Invoice No | 3043 | Currency | USD |
| Invoice date | 20th January 2009 | Date of maturity | 20th January 2009 |

| | |
|---|---|
| Vessel | M/T Erria Ida |
| C/P dated | 15th December 2008 |
| Voyage | 011B Paramongo/ Guyaquil-Buenaventure-Baranquilla |
| Demurrage | 37.92hrs |

Demurrage 1.57986Days x USD 17,000.00                                USD    26.857,64

                                                                Total  USD    26.857,64

**Please arrange payment into following bank account:**

Bank:         Danske Bank
              Finans Center Fyn,
              Albani torv 2-3, 2nd floor,
              5000 Odense C - DENMARK

IBAN account:  DK1630004767305648
SWIFT code:    DABADKKK

Ref.:          M/T Erria Ida Voy 011B Inv 3043
Beneficary:    K/S Erria Ida C/O Erria A/S

Ibex Maritime Limited Gibraltar
7A1 Shakery's Passage
P.O.Box 881 Gibraltar
Reg no. 72271